# HOPKINS & SCHAFKOPF, LLC
ATTORNEYS AT LAW

6/27/2018

U.S. District Court, ED of PA
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re: Benjamin Slater v. Dorney Park and Wildwater Kindom**

To Whom It May Concern:

Enclosed please find one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a CD containing a pdf version of same and a check in the amount of $400.00, in regards to the above captioned matter.

Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Sincerely,

Gary Schafkopf, Esq.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SLATER, BENJAMIN

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachement

### DEFENDANTS
DORNEY PARK AND WILDWATER KINGDOM, CEDAR FAIR L.P. D/B/A CEDAR FAIR ENTERTAINMENT COMANY

County of Residence of First Listed Defendant: Lehigh County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42U.S.C. Sec. 1981, 42U.S.C. Sec. 1985
Brief description of cause:
discrimination on basis of African American Race/skin color

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/22/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871

GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1865 E Washington Lane, Philadelphia, PA 19138__

Address of Defendant: __3830 Dorney Park Road, Allentown, PA 198104__

Place of Accident, Incident or Transaction: __Dorney Park, 3830 Dorney Park Road, Allentown, PA 198104__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/22/2018__   _____   __83362__
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Gary Schafkopf__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __06/22/2018__   */s/ Gary Schafkopf*   __83362__
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Benjamin Slater | : | CIVIL ACTION |
| v. | : | |
| Dorney Park & Wildwater Kingdon et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| 6-22-18 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN SLATER<br><br>        Plaintiff<br>    v.<br><br>DORNEY PARK & WILDWATER KINGDOM<br><br>and<br><br>CEDAR FAIR L.P. D/B/A CEDAR FAIR ENTERTAINMENT COMANY<br><br><br><br>        Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>To remedy discrimination on basis of African American Race/skin color pursuant to 42 USC Sec. 1981 et seq.<br><br>**Jury Trial Demanded** |

Benjamin Slater, by and through his undersigned attorneys, complaining of Defendants, Dorney Park & Wildwater Kingdom et al., brings the instant action requesting judgment in his favor, and against Defendants, and in support thereof, alleges, upon information and belief, as follows:

### NATURE OF ACTION

1. Plaintiff, Benjamin Slater, brings this lawsuit against Defendant, Dorney Park & WildWater Kingdom (Dorney Park), to remedy racial discrimination on the part of Dorney Park. Dorney Park discriminated against Plaintiff in the provision of public accommodation and amusement services, based on the color of Plaintiff's skin (black) in violation of federal law.

## PARTIES

2. Plaintiff, Benjamin Slater, is an adult individual, residing at 1865 E. Washington Lane Philadelphia, PA 19138. Plaintiff is African American.

3. Defendant, Dorney Park & WildWater Kingdom, located at 3830 Dorney Park Road, Allentown, PA 198104, is an amusement and water park owned by Cedar Fair, L.P., doing business as Cedar Fair Entertainment Company (Cedar Fair). Cedar Fair is a publicly traded partnership headquartered at its Cedar Point Amusement Park located at 1 Cedar Point Drive, Sandusky, Ohio 44870. The company owns and operates twelve amusement parks, two outdoor water parks, one indoor water park, and five hotels in the US and Canada.

## JURISDICTION AND VENUE

4. The above paragraphs are incorporated herein by reference.

5. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at Dorney Park, in Lehigh County, Pennsylvania.

## STATEMENT OF FACTS

7. The above paragraphs are incorporated herein by reference.

8. On or about June 17, 2018, Plaintiff, along with his girlfriend, Ashley Hunter, and two other friends visited Dorney Park.

9. Plaintiff is a Special Education Teacher, and has been for approximately 10 years. Plaintiff graduated with a B.A. from Bucknell University and an M.Ed. from Arcadia University.

10. Plaintiff's girlfriend, Ashley Hunter, is a special education administrator employed by the Philadelphia School District and is an Adjunct Professor at Drexel University.

11. The foursome arrived at the park soon after it opened at 10:00 am looking forward to a fun day. Instead of roller coasters, however, Plaintiff's day was spent spinning on the carousel of Dorney Park racism against African Americans and disdain for persons of color.

12. Just as they were getting off of their first ride, Plaintiff, who is a black male, and his girlfriend, were approached by Dorney Park Patrol, Corporal Adam Orsulak (Orsulak) who is Caucasian. During the approach, Orsulak had his hand over his gun holster, appearing that he getting was ready to retrieve his gun.

13. Orsulak said to Plaintiff, with no valid basis or justification, "I am going to be frank with you, your pockets are bulging. I want to see what you have in them."

14. Plaintiff was intimidated and scared as he had done nothing wrong. In compliance, Plaintiff emptied his pockets which contained only his cell phone, his wallet and his keys.

15. Orsulak then informed Plaintiff that he "matched the description" of someone who had been reportedly been going through women's purses and handbags and/or stealing wallets at the Park.

16. Orsulak further informed Plaintiff that he was being taken to the Park's security office and being detained pending investigation.

17. Upon information and belief, Plaintiff was racially profiled based upon his African American race since the suspect they were allegedly looking for was African American.

18. Upon information and belief, Plaintiff was detained and accosted at Dorney Park simply because of the color of his skin, to wit: black. Upon information and belief, Dorney Park trains

its security officers to apprehend black customers and detain them when any black person is suspected of any alleged theft at the park.

19. Plaintiff was then detained and escorted too Dorney Park's security office where he was met by South Whitehall Police officers, who were all Caucasian, including police officerCollin Beaumont.

20. Being escorted through the park by security was extremely embarrassing and humiliating to Plaintiff.

21. This also caused Plaintiff substantial stress and anxiety as he had not committed any wrongdoing.

22. It was eventually determined that Plaintiff was not the suspect that Park security was looking for.

23. Nevertheless, he was escorted out of the Park.

24. The actions of Dorney park were acts of discrimination, with no valid business purpose or justification.

25. Plaintiff was unfairly targeted and discriminated against solely on the basis of the color of his skin.

26. The actions of Dorney Park have caused Plaintiff to suffer substantial shame and embarrassment.

**COUNT I**
**42U.S.C. Sec. 1981**
**DISCRIMINATION IN THE MAKING**
**AND ENFORCEMENT OF CONTRACTS**
**BASED UPON RACE**

27. The above paragraphs are incorporated herein by reference.

28. Dorney evidenced a settled intent to discriminate against Plaintiff by interfering with Plaintiff's rights to the performance and enjoyment of his contract for admission to Dorney Park.

29. Dorney Park intentionally restricted the Plaintiff's contractual benefits based upon illicit discrimination.

30. The aforesaid conduct of Dorney Park was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

31. As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination, humiliation, denial of the use of his park ticket and fees, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT II.
### 42U.S.C. Sec. 1985
### Civil Rights Conspiracy

32. The foregoing paragraphs are incorporated herein by reference.

33. The foregoing conduct of Defendant violates Plaintiffs' rights pursuant to 42 U.S.C. Sec. 1985, which proscribes any agreement or conspiracy to violate Plaintiffs' federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

Respectfully Submitted,

BY: */s/ Brian R Mildenberg*

BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**

DATED: June 20, 2018

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

DATED:   June 20, 2018

DATED: June 20, 2018