IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN SLATER,<br>            Plaintiff,<br><br>v.<br><br>DORNEY PARK & WILDWATER<br>KINGDOM and CEDAR FAIR L.P.<br>D/B/A CEDAR FAIR ENTERTAINMENT<br>COMPANY,<br>            Defendants. | CIVIL ACTION NO. 5:18-cv-02711-JLS<br><br>JURY TRIAL DEMANDED |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendant, Cedar Fair L.P. t/a Cedar Fair Entertainment Company's Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b), and any response thereto, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Complaint is **GRANTED**. Count II of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failing to status a claim upon which relief may be granted. Count I is also dismissed due to insufficient service of process.

**BY THE COURT:**

_____
**JEFFREY L. SCHMEHL, U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN SLATER,<br>            Plaintiff,<br><br>v.<br><br>DORNEY PARK & WILDWATER<br>KINGDOM and CEDAR FAIR L.P.<br>D/B/A CEDAR FAIR ENTERTAINMENT<br>COMPANY,<br>            Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 5:18-cv-02711-JLS<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## PURSUANT TO Fed. R. Civ. P. 12(b)(5) AND 12(b)(6)

Defendant Cedar Fair L.P. t/a Cedar Fair Entertainment Company, ("Dorney Park") and known locally as Dorney Park and Wildwater Kingdom ("Cedar Fair" or "Dorney Park"), through its counsel moves to dismiss Count II of Plaintiff's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim of conspiracy upon which relief may be granted. Cedar Fair also moves to dismiss the remaining count of the Complaint pursuant to Rule 12(b)(5) due to insufficient service of process. Cedar Fair relies upon the accompanying Memorandum of Law and proposed form of Order in support of this Motion.

Respectfully submitted,

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: 8/3/18

BY: _____
Joseph S. D'Amico, Jr.
ID No. 55645
Gretchen L. Geisser Petersen
ID No. 311907
4001 Schoolhouse Lane, P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000
Attorneys for Defendant
Cedar Fair, L.P. t/a Cedar Fair
Entertainment Company and
Known locally as Dorney Park
And Wildwater Kingdom

## CERTIFICATE OF SERVICE

I, Joseph S. D'Amico, Jr., hereby certify that on this day, a true and correct copy of the foregoing Motion to Dismiss was served via ECF upon all parties and/or their counsel of record:

GARY SCHAFKOPF
HOPKINS SCHAFKOPF, LLC
11 BALA AVE.
BALA CYNWYD, PA 19004

BRIAN R. MILDENBERG
MILDENBERG LAW FIRM PC
1735 MARKET ST SUITE 3750
PHILADELPHIA, PA 19103

MATTHEW B. WEISBERG
WEISBERG LAW PC
7 SOUTH MORTON AVE
MORTON, PA 19070

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: 8/3/18

BY: _____
Joseph S. D'Amico, Jr.
ID No. 55645
Gretchen L. Geisser Petersen
ID No. 311907
4001 Schoolhouse Lane, P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000
Attorneys for Defendant
Cedar Fair, L.P. t/a Cedar Fair
Entertainment Company and
Known locally as Dorney Park
And Wildwater Kingdom

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN SLATER,<br>    Plaintiff,<br><br>  v.<br><br>DORNEY PARK & WILDWATER<br>KINGDOM and CEDAR FAIR L.P.<br>D/B/A CEDAR FAIR ENTERTAINMENT<br>COMPANY,<br>    Defendants. | CIVIL ACTION NO. 5:18-cv-02711-JLS<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(5) and 12(b)(6)

Defendant, Cedar Fair L.P. t/a Cedar Fair Entertainment Company and known locally as Dorney Park and Wildwater Kingdom ("Cedar Fair" or "Dorney Park"),[1] through its counsel, Fitzpatrick Lentz & Bubba, submits the following Memorandum of Law in Support of its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(5).

**I. FACTUAL AND PROCEDURAL HISTORY**

On June 27, 2018, Plaintiff, Benjamin Slater ("Plaintiff") filed a two-count Complaint against Dorney Park claiming it racially discriminated him. See Exhibit A (hereinafter "Compl."). Specifically, Plaintiff claims that on June 17, 2018 during his visit to the amusement park, its employees racially profiled, and incorrectly suspected him of theft. Plaintiff also alleges Dorney Park wrongfully detained and unfairly targeted Plaintiff on the basis of his skin color. Plaintiff further avers that Dorney Park "trains its security officers to apprehend black customers and detain them when any black person is suspected of any alleged theft at the park." Compl. ¶ 18. Count I

---

[1] Plaintiff erroneously suggests there are multiple defendants. Cedar Fair L.P. t/a Cedar Fair Entertainment Company is known locally as Dorney Park & Wildwater Kingdom. There is only one entity and defendant in the above caption.

alleges Discrimination in the Making and Enforcement of Contracts Based Upon Race pursuant to 42 U.S.C. § 1981. Count II asserts a claim for Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985.

On or around July 9, 2018, Dorney Park received two envelopes via United States mail, each enclosing a cover letter from Plaintiff's counsel and a copy of the Summons and Complaint in this action. See Exhibit B. One cover letter was addressed to "Dorney Park & Wildwater Kingdom" and the other to "Cedar Fair L.P. d/b/a Cedar Fair Entertainment Company," with both being sent to 3830 Dorney Park Road, Allentown, PA 18104. Neither cover letter made a request for waiver of service, nor did either comply with Fed. R. Civ. P. 4 governing the method of service.

Dorney Park seeks dismissal of Count II (Civil Rights Conspiracy), pursuant to Rule 12(b)(6), on the basis that Plaintiff has failed to aver the existence of a conspiracy; especially, because there is only one defendant, which under settled law is incapable of conspiring with itself. Dorney Park also seeks dismissal of the remaining count of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(5), because Plaintiff failed to properly effectuate service of process or seek waiver of service in accordance with the rules of civil procedure.

II. **ISSUE**

    A. **WHETHER, THE COURT SHOULD DISMISS THE CONSPIRACY CLAIM OF COUNT II BECAUSE DORNEY PARK CANNOT, AS A MATTER OF LAW, CONSPIRE WITH ITSELF?**

    **Suggested Answer: Yes**

    B. **WHETHER, THE COURT SHOULD ALSO DISMISS THE REMAINING COUNT OF THE COMPLAINT FOR FAILING TO SERVE THE PLEADING IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE?**

2

**Suggested Answer: Yes**

III. **ARGUMENT**

> **PLAINTIFF'S CONSPIRACY CLAIM IN COUNT II FAILS BECAUSE DORNEY PARK CANNOT CONSPIRE WITH ITSELF. FURTHER, PLAINTIFF FAILED TO EFFECTUATE SERVICE OF PROCESS IN ANY FORMAT ALLOWED BY THE RULES.**

The conspiracy claim of Count II fails as a matter of law because Dorney Park cannot conspire with itself. Further, despite a number of alternative methods to accomplish service (or seek waiver of same) Plaintiff employed none of them and has failed to serve Defendant with the Summons and Complaint in accordance with Rule 4. Therefore, the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(5).

A. **The Court Must Dismiss Count II of the Complaint Due to Plaintiff's Failure State a Claim for Civil Rights Conspiracy.**

The Plaintiff's claim asserting a conspiracy to violate his civil rights fails as a matter of law because there is no party other than Defendant Dorney Park and it cannot conspire with itself. Thus, a motion to dismiss Count II for failing to state a claim upon which relief may be granted should be granted under the strict but applicable standard of review.

1. *Standard of Review*

A motion to dismiss pursuant to Rule 12(b)(6) "requires the court to examine the sufficiency of the complaint." Suber v. Guinta, 902 F. Supp. 2d 591, 599 (E.D. Pa. 2012) (citation omitted). "(I)n ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings." Id. (citing Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)). When ruling on a defendant's 12(b)(6) motion,

3

the court "must accept as true all of the factual allegations contained in the complaint." Twombly, 550 U.S. at 572.

"(A) complaint is sufficient if it complies with Rule 8(a)(2), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8(a)(2) does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, conclusory or bare-bones allegations will not survive a motion to dismiss and the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Suber, 902 F. Supp. 2d at 599-600 (quoting Twombly, 550 U.S. at 556).

### 2. *Count II fails because Plaintiff has failed to plead the existence of two or more persons engaging in a conspiracy and is thus defeated by the intracorporate conspiracy doctrine.*

In order to state a claim for relief under 42 U.S.C. § 1985(3), a plaintiff must allege:

1) a conspiracy;

2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws;

3) an act in furtherance of the conspiracy; and

4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.[2]

---

[2] 42 U.S.C § 1985(3), which states in relevant part:

> **If two or more persons** in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery

4

Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997), as amended (May 15, 1997) (citing United Brotherhood of Carpenters and Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)).

A conspiracy is "an agreement to commit an unlawful act" and is a necessary element for a claim pursuant to § 1985(3). Suber, 902 F. Supp. 2d at 608 (citation omitted). A civil conspiracy requires a "combination of two or more persons to do an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose." Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974) (finding plaintiff failed to plead the existence of a conspiracy under 42 U.S.C. § 1985 as there were "no allegations of a combination, agreement, or understanding among all or between any of the defendants . . . [and] no factual allegations that the defendants plotted, planned, or conspired together to carry out the alleged chain of events . . . .").

"An allegation of conspiracy is insufficient to sustain a cause of action under section 1985; it is not enough to use the term 'conspiracy' without setting forth supporting facts that tend to show an unlawful agreement." Id. (citation omitted). "[I]n order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, *inter alia,* (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment . . . ." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267–68 (1993) (citations and quotations omitted).

---

of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3) (emphasis added).

There is no conspiracy set forth in the Complaint because, as a matter of law, Cedar Fair and its employees cannot conspire as one, when acting in their official capacity. The intracorporate conspiracy doctrine renders Count II impotent. The intracorporate conspiracy doctrine is a well-established principal under which "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." Ziglar v. Abbasi, 137 S.Ct. 1843, 1867 (2017). The Third Circuit has distinguished between corporate employees acting in their corporate capacity and those that have acted in their sole personal benefit. See Heffernan v. Hunter, 189 F.3d 405, 412-13 (3d Cir. 1999). "[A] section 1985(3) conspiracy between a corporation and one of its officers may be maintained if the officer is acting in a personal, as opposed to official, capacity, or if independent third parties are alleged to have joined the conspiracy." Robison v. Canterbury Vill., Inc., 848 F.2d 424, 431 (3d Cir. 1988). In Robison, the Third Circuit found that a corporation and its president cannot form a conspiracy and, therefore, support a claim under 42 U.S.C. § 1985(3). Id. See also Jagielski v. Package Mach. Co., 489 F. Supp. 232, 233 (E.D. Pa. 1980) ("Undoubtedly, a conspiracy requires at least two persons or corporate entities. A corporation cannot conspire with itself because a corporation can act only through its officers and employees.").

Plaintiff fails to allege the existence of a conspiracy between two or more persons, pursuant to 42 U.S.C. § 1985(3). Instead, Plaintiff claims that Dorney Park and its security officers racially profiled, incorrectly accused of theft, wrongfully detained and unfairly targeted Plaintiff on the basis of his skin color. See Compl ¶¶ 17-18, 25. Plaintiff further avers that Dorney Park "trains its security officers to apprehend black customers and detain them when any black person is suspected of any alleged theft at the park." Compl. ¶ 18. Plaintiff's averments speak solely to the alleged actions of Dorney Park and its employees acting within the alleged scope of their

6

employment. No one allegedly acted for their sole personal benefit. See Heffernan v. Hunter, 189 F.3d at 412-13. Applying the intracorporate conspiracy doctrine, the actions of Dorney Park and its employees are inseparable and cannot constitute two or more persons required to establish a conspiracy under 42 U.S.C. § 1985(3). Ziglar, 137 S.Ct. at 1867.

Count II also fails because Plaintiff has failed to aver the existence of a conspiracy and establish an agreement to deprive Plaintiff of equal protection of the laws. Plaintiff's sole reference to a conspiracy is found in paragraph 33 of his Complaint, which merely sets forth a conclusory allegation, See Compl. ¶ 33. Paragraph 33 is insufficient to survive a motion to dismiss. Suber, 902 F. Supp. 2d at 599-600. Count II should be dismissed with prejudice.

**B.    The Court Must Dismiss the Remainder of Plaintiff's Complaint Due to Insufficient Service of Process.**

A Complaint may be dismissed due to insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). When addressing a motion to dismiss for lack of proper service, "the party making the service has the burden of demonstrating its validity when an objection to the service is made." Suegart v. U.S. Customs Serv., 180 F.R.D. 276, 278 (E.D. Pa. 1998).

Federal Rule of Civil Procedure 4 sets forth the requirements to effectuate service of process. Rule 4(c) requires that both a copy of the summons and complaint be simultaneously served on the defendant by either (a) a person who is at least 18 years old and a non-party, or (b) upon order of the court, a United States marshal or deputy marshal or a person specially appointed by the court. Fed. R. Civ. P. 4(c). Further, personal service can be accomplished consistent with

7

Rule 4(e) or by requesting waiver of service in accordance with Rule 4(d). Fed. R. Civ. P. 4(h) provides these same alternative methods apply to service upon a limited partnership.[3]

      Plaintiff had several options for service of the Complaint but utilized none of them. Service via United States Mail is not proper in this instance because Plaintiff has not and cannot meet the criteria of Fed. R. Civ. P. 4(h)(1)(B), nor is there any provision under the Pennsylvania Rules of Civil Procedure which provides for service via mail in these circumstances. Because it is clear Plaintiff has not satisfied the requirements for service, the motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(5) should be granted.

---

[3] Rule 4(h) provides:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h).

8

## IV. CONCLUSION

For the above reasons, Dorney Park, requests this Honorable Court grant its Motion to Dismiss the Complaint.

Respectfully submitted,

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: 8/3/18

BY: _____
Joseph S. D'Amico, Jr.
ID No. 55645
Gretchen L. Geisser Petersen
ID No. 311907
4001 Schoolhouse Lane, P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000
Attorneys for Defendant
Cedar Fair, L.P. t/a Cedar Fair
Entertainment Company and
Known locally as Dorney Park
And Wildwater Kingdom

## CERTIFICATE OF SERVICE

I, Joseph S. D'Amico, Jr., hereby certify that on this day, a true and correct copy of the foregoing Notice of Appearance was served via ECF upon all parties and/or their counsel of record:

GARY SCHAFKOPF
HOPKINS SCHAFKOPF, LLC
11 BALA AVE.
BALA CYNWYD, PA 19004

BRIAN R. MILDENBERG
MILDENBERG LAW FIRM PC
1735 MARKET ST SUITE 3750
PHILADELPHIA, PA 19103

MATTHEW B. WEISBERG
WEISBERG LAW PC
7 SOUTH MORTON AVE
MORTON, PA 19070

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: 8/3/18

BY: _____
Joseph S. D'Amico, Jr.
ID No. 55645
Gretchen L. Geisser Petersen
ID No. 311907
4001 Schoolhouse Lane, P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000
Attorneys for Defendant
Cedar Fair, L.P. t/a Cedar Fair
Entertainment Company and
Known locally as Dorney Park
And Wildwater Kingdom